Taxes; estate tax; gross estate, inclusions in; annuities.— On December 19, 1972, the court issued the following order:
This case is before the court on stipulated facts having been submitted on oral argument of counsel and the briefs of the parties. Plaintiffs are executors'under the will of Raphael J. Gaffney, deceased at the age of 66. Under purported authority of the Internal Revenue Code of 1954 § 2039, and 26 C.F.R. •§ 20.2039-1, defendant added to the gross estate the commuted value of a contractual right of decedent’s widow to receive $20,000 per year for three years following his death. Plaintiffs paid the added tax assessment and sue to recover th¿ same, with interest. The widow’s right was derived from one clause of a written contract of employment entered by and between decedent and his employer, Rockford Bolt- and Steel Company, which agreement also employed decedent as Office Manager for ten years at $35,000 a year fixed salary, and provided that in case of decedent’s disability, to the extent he was unable to perform his duties as Office Manager, extending beyond one year,-he-should be paid .50% of his fixed salary during the term of such disability beyond one year, but not beyond the term of the agreement. Decedent’s death occurred during the ten year term between the start and the end of the sixth year. There were no ■ other written; agreements relating to decedent’s employment.
The court, after hearing oral arguments and considering the briefs, including the plaintiffs’ reply brief filed after *745 the oral argument, is of the opinion that the provision for Mr. Gaffney’s disability satisfies the requirement of § 2039 (a), which makes taxable an “annuity or other payment” receivable by any beneficiary “by reason of surviving the decedent under any form of contract” if under such contract, the decedent possessed the right to receive an “annuity or other payment”, for any period “which does not in fact end before his death.” Estate of Bahen v. United States, 158 Ct. Cl. 141, 305 F.2d 827 (1962); Silberman v. United States, 333 F.Supp. 1120 (W.D. Pa. 1971). Other authorities are collected and discussed in Kramer v. United States, 186 Ct. Cl. 684, 406 F.2d 1363 (1969), a case which we consider distinguishable on its facts for reasons stated therein from Bahen, supra, and from the instant case. We held in Kramer that the payments to the decedent provided under that contract were all salary for services to be rendered and therefore not “annuity or other payments.” Plaintiff’s reliance on Kramer is misplaced. It is not denied that defendant computed the tax correctly if it was applicable. Therefore, the plaintiffs are not entitled to recover, and
it is ordered that plaintiffs’ petition is dismissed.
BY THE COURT
(Sgd) WlLSON CoWEN Chief Judge